FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Jacksonville Division

2017 MAR 29 PM 4: 10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**DAWN KINSLOW-DOBBS**

**Plaintiff,**

v.                                      CIVIL ACTION NO.: 3:17-cv-356-J-25JBT

**JURY TRIAL DEMANDED**

**KINDRED HEALTHCARE, INC.**
**and KINDRED HOSPITALS EAST, L.L.C.**
**d/b/a KINDRED HOSPITAL-NORTH FLORIDA**

**Defendants.**

_____/

## COMPLAINT

**COMES NOW** Plaintiff Dawn Kinslow-Dobbs ("Plaintiff" or "Ms. Kinslow-Dobbs"), by and through the undersigned counsel, and hereby files this Complaint against Defendant Kindred Healthcare, Inc. and Defendant Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-North Florida (collectively, "Defendants" or "Kindred") for violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff currently, and at all material times relevant to this Complaint, resides in Jacksonville, Florida.

2. Defendant Kindred Healthcare, Inc. is a foreign profit corporation that is headquartered in Louisville, Kentucky, and does business throughout the State of Florida, including Jacksonville, Florida.

3. Defendant Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-North Florida is

a foreign limited liability company that is headquartered in Louisville, Kentucky, and does business throughout the State of Florida, including Jacksonville, Florida.

4. Defendants are covered employers within Section 1981 at all times relevant to this Complaint.

5. This Court has jurisdiction over Plaintiff's Section 1981 claim pursuant to 28 U.S.C. §§ 1331 and 1343.

6. The allegations in this Complaint primarily involve acts and occurrences while Plaintiff was employed by Defendants in Jacksonville, Florida. Accordingly, venue is proper within the United States District Court for the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1391(b).

## FACTS GIVING RISE TO RELIEF

7. Plaintiff is an African-American female who was employed by Defendants as a clinical liaison from approximately June 2008 to December 8, 2016.

8. At all times relevant herein, Plaintiff performed her duties and responsibilities for Defendants in a highly competent and satisfactory manner.

9. Defendant Kindred Healthcare, Inc. is a national healthcare conglomerate which operates an extended care and rehabilitation healthcare facility known as Kindred Hospital-North Florida.

10. At all times relevant herein, Defendants were Plaintiff's employer under 42 U.S.C. § 1981 as a single integrated enterprise by: (1) having interrelation of operations; (2) having centralized control of labor relations; (3) having common management; and (4) having common ownership and financial control.

11. At all times relevant herein, Defendants had an interrelationship of operations where Defendants shared employees and resources to handle management, accounting, employee hiring and firing decisions, employee pay and benefits, employee management, sales, and marketing functions for both companies.

12. At all time relevant herein, Defendants maintained centralized control of labor relations as Defendant Kindred Healthcare, Inc. held authority and control over employee hiring and firing decisions, employee promotions, employee position assignments and titles, employee pay issues, employee benefit plans, and employee policies and procedures.

13. At all times relevant herein, Defendants maintained common management as Defendant Kindred Healthcare, Inc. identifies its officers with the Florida Department of State as Douglas L. Curnutte (VP), Joseph L. Landenwich (VP), and Stephen Cunanan (VP). Defendant Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-North Florida also identifies Stephen Cunanan (Manager), Joseph L. Landenwich (Manager), and Douglas L. Curnutte (Manager).

14. At all times relevant herein, Defendants maintained common ownership and financial control as Defendant Kindred Healthcare, Inc. is the parent company of Defendant Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-North Florida and assumes control of the assets and liabilities of Kindred Hospitals East, L.L.C. d/b/a Kindred Hospital-North Florida.

15. Alternatively, Defendants are joint employers because:

(a) There was an arrangement between Defendants to share employees' services or to interchange employees;

(b) Defendants acted directly or indirectly in the interest of the other in relation to employees; and/or

(c) Defendants were not completely disassociated with respect to employees' employment and may be deemed to share control of employees, either directly or indirectly, because one employer controlled, was controlled by, or was under common control with the other.

16. Defendants shared or co-determined matters governing the essential terms and conditions of their employees, including Plaintiff's employment and such sharing or co-determining of control over such employees was either actual or Defendants retained the authority or power to control them.

17. Among the matters shared or co-determined by Defendants governing the essential terms and conditions of their employees', including Plaintiff's employment are, but are not limited to:

(a) the power or ability to hire and fire;

(b) the power or ability to supervise;

(c) the power or ability to determine the method and/or rate of employee compensation;

(d) the maintenance of employee records; and/or

(e) the power or ability to assess, grant, deny, or otherwise affect employees' benefits.

18. Kindred Hospital-North Florida is located in Green Cove Springs, Florida.

19. Kindred Hospital-North Florida receives the vast majority of its patients through patient referrals.

20. As a clinical liaison, Plaintiff was tasked with generating patient referrals from other hospitals and healthcare facilities for Kindred Hospital-North Florida.

21. From 2015 to December 8, 2016, Plaintiff was one of six clinical liaisons assigned to the North Florida/South Georgia area for Defendants.

22. Plaintiff was the only African-American clinical liaison assigned to the North Florida/South Georgia area during this time period.

23. From her date of hire through 2015, Plaintiff was one of Defendants' top patient referral producers for the North Florida/South Georgia area.

24. In late 2015, Plaintiff was involuntarily reassigned referral territories with historically low patient referral numbers. One of the larger healthcare facilities Plaintiffs was reassigned with lower patient referral numbers included UF Health Jacksonville.

25. Plaintiff was later informed that the reason she was transferred to UF Health Jacksonville was because of her race, due to the fact that it was believed that UF Health Jacksonville had a higher African-American patient population and demographic.

26. Plaintiff's reassignment to the less favorable referral territories, including UF Health Jacksonville, resulted in Plaintiff's referral numbers being drastically reduced.

27. At the time of Plaintiff's reassignment to the unfavorable referral territories, non-African-American clinical liaisons employed by Defendants in the North Florida area were assigned more favorable referral territories.

28. The assignment of the non-African-American clinical liaisons to the more favorable referral territories resulted in their referral numbers increasing.

29. Plaintiff's decrease in referrals adversely affected her compensation as the clinical liaisons received bonus and incentive compensation based upon the number of referrals they generated. Plaintiff submits that this decrease in compensation was the result of the

reassignment to the less favorable referral territories.

30. The non-African-American clinical liaisons received increases in their compensation based upon an increase in their referral numbers, and due to their assignments to the more favorable referral territories.

31. On or about December 8, 2016, Plaintiff's employment with Defendants was terminated.

32. Plaintiff was the only clinical liaison in the North Florida/South Georgia area who was terminated.

33. Plaintiff believes that she was reassigned to the less favorable referral territories, and ultimately terminated because of her race.

34. Plaintiff has suffered and continues to suffer damages, including emotional distress and mental anguish as a result of Defendants' unlawful discrimination.

35. Plaintiff has retained the undersigned law firm to prosecute this action and has agreed to pay said law firm a reasonable fee for its services.

36. All conditions precedent to filing this action have been satisfied or waived.

## COUNT I

### (Violation of 42 U.S.C. § 1981-Race Discrimination)

37. Plaintiff hereby realleges and incorporates Paragraphs 1-36 as if set forth in full herein.

38. Defendants, by and through their agents and employees, intentionally discriminated against Plaintiff on account of her race in violation of 42 U.S.C. § 1981.

39. At all times relevant herein, Plaintiff is African-American and was an employee of

Defendants.

40. At all times relevant herein, Plaintiff was qualified to perform her job.

41. Defendants, by and through their agents and employees, took adverse action against Plaintiff by subjecting Plaintiff to involuntary transfers to unfavorable clinical liaison referral territories.

42. Defendants, by and through their agents and employees, took adverse action against Plaintiff by terminating her employment.

43. Other similarly situated non-African-American employees of Defendants were provided more favorable clinical liaison referral territories.

44. Other similarly situated non-African-American employees of Defendants were not subjected to termination.

45. Any non-discriminatory reason given for treating Plaintiff less favorably than similarly situated non-African-American employees is pretext for unlawful discrimination.

46. The facts and circumstances of the discriminatory treatment of Plaintiff, and her termination of employment by Defendants, also establish a convincing mosaic of evidence that Defendants, by and through their agents and employees, intentionally discrimination against Plaintiff because of her race in violation of Section 1981.

47. The acts and omissions committed by Defendants were wilful, malicious, and in reckless disregard of Plaintiff's federally protected civil rights.

48. As a direct and proximate result of the unlawful acts and omissions committed by Defendants, Plaintiff has suffered and will continue to suffer damages including but not limited to: lost wages in the form of lost back pay and front pay, loss of earning capacity, lost benefits

and entitlements, and other economic losses, damage to her career and reputation, personal humiliation, emotional distress, mental anguish and loss of enjoyment of life.

49. WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and equitable relief including but not limited to, lost back pay, lost earning capacity, lost benefits and entitlements, lost front pay, and other lost economic damages; non-economic damages including emotional distress and mental anguish, damage to career and reputation, personal humiliation, and loss of enjoyment of life; punitive damages; reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988(b), (c); pre-judgment and post-judgment interest; and such other relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, Dawn Kinslow-Dobbs hereby demands a jury trial on all claims set forth in the Complaint.

Dated this 29th day of March, 2017.

Respectfully submitted,

The Law Office of Shands M. Wulbern, P.A.

*/s/ Shands M. Wulbern*

Shands M. Wulbern
Florida Bar No. 0155217
3063 Hartley Road, Suite 5
Jacksonville, Florida 32257
(904) 570-9233
swulbern@wulbernlaw.com

*Trial Counsel for Plaintiff*